# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ANNE M. MAREK**,<br><br>Debtor. | Case No. **17-60467-7** |

## MEMORANDUM OF DECISION[1]

### Introduction

At Butte in said District this 2nd day of August, 2017.

In this Chapter 7 bankruptcy the Montana Department of Revenue ("DOR") filed on May 17, 2017, a "Motion for Order for Turnover of Tax Returns" ("Motion"). The Motion seeks turnover of Montana individual tax returns for tax years 2008, 2009, 2010, 2012, 2013, and 2015 pursuant to Mont. Code Ann. ("MCA") § 15-30-2602 and Montana Local Bankruptcy Rule ("LBR") 1007-1(h)(2).[2] On June 5, 2017, the Debtor filed an objection (the "Objection"), arguing that neither the facts in this case, nor the Bankruptcy Code support ordering turnover of tax returns due more than 3 years prior to the bankruptcy petition date. Thus, Debtor should only be obligated to turn over the tax return for 2015

---

[1] This decision is being redocketed in order to correct an error in footnote 7 at Dkt. 26 that occurred when the document was converted to PDF.

[2] At the hearing DOR stated that, in the future, the DOR "probably" will request turnover of tax returns only for the 5 years preceding the petition date, and further orally modified the relief being sought under the Motion to turnover of tax returns for 2012, 2013 and 2015.

1

because it is the only return that falls within the 3-year period ending on the date of commencement of this case.

Debtor's objection concedes that it is defensible to compel production of tax returns that are subject to priority treatment under 11 U.S.C. 507(a)(8)(A)(i) for the three years before the petition date, or when a possible tax refund may constitute property of the estate. Debtor further concedes that if tax returns were due, but not filed, DOR's claims for unpaid taxes owing for unfiled years are non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

A hearing on the DOR's Motion was held on July 6, 2017. No testimony or exhibits were admitted. The Court heard statements from counsel, and at the conclusion of the hearing, took the DOR's Motion under advisement. After review of the record and applicable law, based on the plain language of 11 U.S.C. §§ 521(f), for the reasons set forth below the Court will grant DOR's Motion in part and deny it in part. Debtor will be required to turnover Montana Individual Income Tax Returns for any tax year ending in the 3-year period ending on the date of commencement of this case.

## Jurisdiction

This Court has exclusive jurisdiction of this Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). The DOR's Motion is a core proceeding concerning administration of the estate and the DOR's claims against the estate under 28 U.S.C. § 157(b)(2).

## Facts

There are no disputed material facts. The Debtor commenced this case by filing a voluntary Chapter 7 petition on May 15, 2017. She filed her Schedules and Statement of

2

Financial Affairs on June 2, 2017, listing assets totaling $3,800 in value and total liabilities in the amount of $60,457.82, all of which is unsecured. Debtor listed the DOR and Internal Revenue Service on Schedule E/F as holding priority unsecured claims, although both are listed as "Notice only" in "$0.00" amounts. Almost all of the Debtor's scheduled unsecured nonpriority claims are for student loans, with some medical debt.

## Discussion and Analysis

The narrow issue to be decided in this chapter 7 case is whether to require the Debtor to turnover tax returns to the DOR for the 5-year period prior to the commencement of the case, as argued by the DOR's counsel at the hearing, or only order turnover of those tax returns that are within the 3-year period ending on the date of commencement of this case, as urged by the Debtor.

LBR 1007-1(h)(2) was first adopted in 2009 and initially the rule was utilized almost exclusively by trustees in connection with the administration of their cases. Beginning in 2014, the DOR began filing motions for turnover under LBR 1007-1(h)(2). These filings increased, and based on filings in 2016 and 2017, motions for turnover of tax returns are now routine filings by the DOR in cases where there are unfiled returns. As the frequency of these motions has increased, the scope and number of past years returns being sought by the DOR in these turnover motions has also increased.[3] DOR initially sought

---

[3] In many instances, Debtors do not respond to the motions and the relief requested is granted per LBR 9013-1(f), (If no response and request for hearing is filed within fourteen (14) days of the date of the motion, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted).

3

turnover of a tax return that was almost 9 years old (2008) in its Motion. At the hearing DOR modified the scope of the relief being sought to any tax returns 5 years prior to the bankruptcy petition date, demonstrating the seesawing nature of these requests.

      DOR's Motion is based on LBR 1017-1(h)(2) which provides:

> (2) **Filing Tax Returns**. Except where the Court orders otherwise for good cause shown, a debtor must file all required tax returns with the proper taxing authority; and provide the trustee a copy of any tax return for the tax years subject to the Court's tax turnover order contained in Mont. LBF 35, in accordance with 11 U.S.C. §§ 521, 1116, 1308, and 1325. Failure to do so may be grounds for dismissal or conversion.

In the instant Chapter 7 case, neither §§ 1116, 1308, or 1325 are applicable, so any reading of LBR 1017-1(h)(2) must be consistent with § 521. Section 521(f) permits any party in interest[4] to request that an individual chapter 7 debtor file with the court, "at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter." 11 U.S.C. § 521(f)(1). This addresses prospective tax return filings that are due or become due post-petition.

      Along with tax returns that are due while the case is pending § 521 also contemplates, filing with the bankruptcy court, any federal tax return "that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the

---

[4] It also permits the court, or United States Trustee to make such a request.

4

date of the commencement of the case." 11 U.S.C. § 521(f)(2). LBR 1017-1(h)(2)'s incorporation of § 521 mandates that it be construed in a manner that is harmonious with § 521. Further, LBR 1017-1(h)(2) must be construed in a manner that neither enlarges, abridges, nor modifies any substantive right. *In re Steinacher*, 283 B.R. 768, 772 (9th Cir. BAP 2002).

If Congress had wanted to require debtors, at the request of a party in interest, to file with the bankruptcy court tax returns older than 3 years before the commencement of the case in a chapter 7 case, it could have included a period longer than the 3-year period found in § 521(f)(2). DOR did not articulate a compelling basis upon which it should be entitled to turnover of tax returns for any greater period of time than the analogous 3-year filing period found in § 521(f)(2). Although DOR argued that a 5-year period prior to the commencement of the case was appropriate, it could have argued 1, 3, 5, 7, or any other period of years that suited its purpose should be adopted. Conversely, Debtor's argument for a 3-year period is rooted in the code and adoption of § 521(f)(2)'s analogous time periods as the appropriate scope for the Motion is persuasive and consistent with the rights afforded under § 521(f)(2).

The Court cannot identify either an authority or rationale that would permit the DOR to elect 5 years as the appropriate scope for a routine motion for turnover of tax returns in a chapter 7 case, such as this one. Although styled as a turnover motion, as a practical matter if the tax return was never filed, entry of an order for turnover of the return compels the debtor to file the return (so that there exists a return to be turned over), or risk

loss of discharge, dismissal of the case or other consequence.[5] Given these consequences, LBR 1017-1(h)(2) must be construed narrowly in chapter 7 cases and limited to the 3-year period ending on the date of the commencement of the case, unless circumstances establishing good cause exist.[6]

Under LBR 1017-1(h)(2), absent a showing of good cause, requests by the DOR for turnover of pre-petition tax returns in chapter 7 cases, shall be limited to returns of the debtor for tax years ending in the 3-year period ending on the date of the commencement of the case. Here, the DOR did not establish good cause, so applying the analogous 3-year filing period of § 521(f)(2) to the DOR's Motion, the Debtor will be required to turnover to the DOR a Montana Individual Income Tax Return for tax year 2015.[7]

It is notable that the DOR has other recourse for determining and assessing unpaid taxes. First, under the bankruptcy code, the DOR may estimate its claim. In this case, DOR has estimated its claim and filed a proof of claim, despite Debtor's failure to file

---

[5] If the tax return had been completed, there would be no basis to file the Motion because DOR would already have the tax return in its records.

[6] There are undoubtedly circumstances where it could be established that good cause exists for turnover of state tax returns for years beyond the 3 years preceding the petition date. For example, if the tax return requested is necessary to the trustee's administration of the case, or if the tax return implicates a tax refund that is an asset of the estate, then tax returns beyond the 3 year period may be subject to being turned over. Those circumstances are not present here. In this case, the Motion was filed with the expectation that any order the Court entered would compel Debtor to file tax returns that were initially due in 2008, and subsequent years. In this case neither the administration of the case, nor any other relevant basis exists for such a result, particularly given the other tools available to the DOR for collection of a liability arising from an unfiled tax return, a liability that is excepted from discharge.

[7] The 3-year period of § 521(f)(2) would reach back in the instant case to 2014, because the case was commenced in 2017. However, the DOR's Motion does not request tax returns for 2014, and so only the return for 2015 is encompassed by the statute.

returns for many years.[8] If its estimate is incorrect, the Debtor may object, and the claim can determined in connection with the claims process. Also, claims for unpaid taxes for returns which were not filed may be excepted from Debtor's discharge under § 523(a)(1)(B). Since such taxes are nondischargeable, the DOR could pursue collection of unpaid taxes under nonbankruptcy law after the stay is terminated or modified. These efforts may include issuing a warrant for distraint, or other collection efforts. Thus, the DOR has recourse if a debtor fails to file and turnover tax returns.

## Conclusion

**IT IS ORDERED** the Debtor's objection is sustained in part; and a separate Order shall be entered granting in part and denying in part the DOR's "Motion for Order for Turnover of Tax Returns" filed on May 17, 2017 (Docket No. 8) and ordering the Debtor to turnover to the DOR a Montana Individual Income Tax Return for tax year 2015.



Honorable Benjamin P. Hursh
U.S. Bankruptcy Judge

---

[8] Under Rule 201, Fed. R. Evid., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).